IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILLIAM H. WHITE,

Defendant.

4:22CR3105

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Jan W. Sharp, United States Attorney and John E. Higgins, Assistant United States Attorney, and defendant, William H. White, and Clarence E. Mock, counsel for defendant, as follows:

## I

## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to Count I of an Information. Count I charges a violation of Title 26, United States Code, Section 7202.

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any other criminal tax violations known to the government as of the date of the signing of the plea agreement, other than as set forth in paragraph A, above.  This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1

1.   Defendant was a person who had a duty to collect, truthfully account for, and pay over federal income tax and social security taxes that the defendant was required to withhold from the wages of employees.

2.   Defendant failed to truthfully account for and pay over federal income tax and social security taxes that the defendant was required to withhold from the wages of employees.

3.   Defendant acted willfully.

B.   <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>.

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed.

1.   In about 2013, Defendant WILLIAM H. WHITE and another individual ("Third Party") formed B&B Trucking, and operated the business together.  B&B Trucking was located in Nebraska and engaged in the business of trucking and freight hauling.

2.   In about January 2014, SARAH A. WHITE (nee Hamilton) organized 419, LLC ("419"), and was designated as the manager and sole member.   419 was located in Nebraska and engaged in the business of trucking and management.

3.   In about October 2014, B&B Midwest Trucking ("B&B") was organized on paper as an LLC, with 419 as manager and the Third Party as member.  In or before 2016, the Third Party was no longer involved with B&B.

4.   WILLIAM H. WHITE handled B&B's and 419's operations, including the negotiation of contracts, was involved in hiring and firing employees, had signature authority over the business bank accounts of both companies, and exercised significant control over B&B's and 419's financial affairs.

5.   During 2015 to 2018, B&B and 419 withheld federal income taxes and FICA taxes (Social Security and Medicare) from employees' paychecks but failed to account for those taxes (collectively, "payroll taxes") on time and to pay them over to the Internal Revenue Service ("IRS").  B&B and 419 further failed to pay over the employer's share of the payroll taxes to the IRS.  B&B and 419 had sufficient funds available to pay the payroll taxes when due.

2

6.  Among other quarters, B&B withheld $44,746.76 in payroll taxes from its employees' paychecks for the fourth quarter of 2015, but did not account for and pay over those taxes to the IRS when due.

7.  WILLIAM H. WHITE was aware of the obligation to account for and pay the payroll taxes when due, but instead used the funds to pay other business creditors and to pay for personal expenses.

### III

### PENALTIES

A.  COUNT I.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.  A maximum 5 years in prison;

2.  A maximum $250,000 fine;

3.  A mandatory special assessment of $100 per count;

4.  A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and

5.  Possible ineligibility for certain Federal benefits.

### IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V

### SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable).  Unless otherwise stated, all agreements as to

sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Defendant shall be sentenced to no more than 15 months in prison.

2.      The parties agree that the tax loss as to Defendant for Guidelines purposes includes the payroll taxes withheld from employees' paychecks but not paid over by B&B for the second quarter of 2015 through the third quarter of 2017, and by 419 for the third quarter of 2016 through the third quarter of 2018.  The parties do not agree whether the tax loss as to Defendant for Guidelines purposes also includes, as relevant conduct, the employer's share of the payroll taxes not paid over for those same businesses and periods.  The parties agree this issue will be resolved by the Court at sentencing.

3.      Defendant acknowledges restitution will be ordered as a part of the sentence in this case.  Pursuant to 18 U.S.C. § 3663(a)(3), Defendant agrees that restitution owed to the United States Department of the Treasury includes payroll taxes withheld from employees' paychecks but not paid over to the IRS, for the following periods:  as to B&B, the second quarter of 2015 through the third quarter of 2017; and as to 419, the third quarter of 2016 through the third quarter of 2018.

4.      The parties agree that all funds paid to or collected by the Internal Revenue Service, by whatever means, at or before the time of sentencing in this case, and related to the withheld payroll taxes described in paragraph V.A.3 above, shall be considered applied to restitution in this case for sentencing purposes.

5.      Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

If Defendant makes a payment of restitution prior to sentencing, the payment will be applied as a credit against the restitution ordered by the Court.

Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:  Robert V. Denney Federal Building, 100 Centennial Mall North, Room 593, Lincoln, NE  68508.

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

> A. Defendant's name and Social Security number;
>
> B. The District Court and the docket number assigned to this case;
>
> C. Tax year(s) or period(s) for which restitution has been ordered; and
>
> D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below: IRS - RACS Attn: Mail Stop 6261, Restitution 333 W. Pershing Ave. Kansas City, MO 64108.

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address: IRS - RACS Attn: Mail Stop 6261, Restitution 333 W. Pershing Ave. Kansas City, MO 64108.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1.  Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.  Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.  Fails to appear in court, or
4.  Engages in additional criminal conduct, or
5.  Attempts to withdraw the guilty plea, or
6.  Refuses to abide by any lawful court order, or
7.  Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

6

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)  The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.  The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.  Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty.  The defendant will make this payment at or before the time of sentencing.

E.  By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal

Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.  Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before May 11, 2022 at the United States Attorney's Office, District of Nebraska.

IX

**MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JAN W. SHARP
United States Attorney

9/20/22
_____
Date

_____
JOHN E. HIGGINS
ASSISTANT U.S. ATTORNEY

5-10-22
_____
Date

_____
WILLIAM H. WHITE
DEFENDANT

5-13-22
_____
Date

_____
CLARENCE E. MOCK
COUNSEL FOR DEFENDANT

9